**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDITH CARTWRIGHT,

    Plaintiff,

    v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA, *et al*,

    Defendants.

_____/

No. C 05-4610 PJH

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(A)**

Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is currently before the court. Plaintiff did not file an opposition, which was due December 28, 2005. For the reasons that follow, the court GRANTS defendant's motion to transfer and VACATES the January 18, 2006 hearing date.

**BACKGROUND**

On November 9, 2005, plaintiff filed her complaint alleging twenty-two claims pertaining to plaintiff's employment by and termination from the University of California at Davis. The complaint contains five federal claims including a § 1983 claim, three discrimination and retaliation claims, and one claim for conspiracy to interfere with her federal civil rights. It contains seventeen state law claims including interference with civil rights, two whistleblower retaliation claims, three discrimination claims, and harassment, fraud, conversion, interference with business, defamation, invasion of privacy, intentionally causing injury, wrongful business

act, negligence, breach of contract, and breach of covenant of good faith and fair dealing claims.

Plaintiff has filed two other state court lawsuits involving similar claims, both in Yolo County Superior Court. The oldest lawsuit was filed October 31, 2003, and all but two claims have been dismissed with prejudice. The most recent was filed in Yolo County two days before the complaint in this case, on November 7, 2005. Additionally, on April 14, 2005, plaintiff filed a complaint with similar claims in the Eastern District of California.

## DISCUSSION

### A.   Merits

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In order to transfer an action under § 1404(a), the court must find "that the district court is one where the action might have been brought and that the convenience of parties and witnesses in the interest of justice favor transfer." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

Here, the action "might have been brought" in the Eastern District; and, in fact, it has been already.

Moreover, the convenience of parties and witnesses and the interests of justice favor transfer in this case. This court is required to make an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). In doing so, the court may consider factors such as:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance unwilling non-party witnesses; and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Defendants are correct that at least six of the above eight factors favor transfer of the case to the Eastern

2

District.

Plaintiff has implicitly conceded that the Eastern District is a convenient venue because she already filed a very similar lawsuit there. Additionally, the respective parties, and the majority of the witnesses, evidence, and sources of proof are in Davis and Sacramento – in the Eastern District. Litigating the case in this court would require travel and expense for parties and non-parties alike. Moreover, plaintiff, who was formerly a resident of Yolo County and is currently a resident of Montana, appears to have no meaningful contacts with this district, and none of the events occurred here. The only contact with the Northern District is that plaintiff's attorneys are located here.

### B. Attorneys Fees

In their reply brief, defendants seek attorneys fees and costs in the amount of $1,435.00 based on plaintiff's failure to file an opposition. The court DENIES defendants' request for two reasons. First, the request was raised for the first time in defendants' reply brief, which is improper because it affords plaintiff no opportunity to oppose the request. Second, defendant provides no authority for an award of fees under the circumstances of this case. Defendant's only cited authority, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995), involves a dismissal of a complaint for the plaintiff's failure to comply with a local rule requiring an opposition to a motion to dismiss. The case does not, however, involve attorney's fees.

### CONCLUSION

Because transfer of this case is in the interests of justice and convenient to the parties and witnesses, the court GRANTS defendants' motion to transfer pursuant to § 1404(a). Defendants' request for attorney's fees and costs is DENIED. The January 18, 2006 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: January 6, 2006

PHYLLIS J. HAMILTON
United States District Judge